UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lindsey Finster, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> Sephora USA Inc., <br><br> Defendant | 6:22-cv-1187-GLS-ML |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the Complaint

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.  PLAUSIBLE TO EXPECT "CLEAN" MEANT FREE OF HARMFUL
    INGREDIENTS .................................................................................................................. 2

    A.  "Clean At Sephora" and Other Statements Misled Consumers ............................. 2

    B.  Prominent "Clean at Sephora" Statement Extinguished Need for
        Further Investigation ............................................................................................... 5

II. PLAINTIFF CAN PURSUE MULTI-STATE CLAIMS .................................................... 7

III. PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ............................. 7

    A.  Notice was Provided Consistent with the Statute ................................................... 7

    B.  Alternative Criteria for Implied Warranty Satisfied ............................................... 8

    C.  Plausible Warranty Claims Support MMWA Claim .............................................. 9

IV. COMMON LAW CLAIMS ARE ADEQUATELY PLED ................................................ 9

    A.  Rule 9(b) Supports Fraud Allegations .................................................................... 9

    B.  Rule 8 Allows Unjust Enrichment in the Alternative ........................................... 10

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) .................................................................................................................. 7

*Arista Recs., LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) .................................................................................................. 2, 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................. 2, 3

*Bowling v. Johnson & Johnson*,
   65 F. Supp. 3d 371 (S.D.N.Y. 2014) ........................................................................................ 9

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
   516 F. Supp. 3d 370 (S.D.N.Y. 2021) ...................................................................................... 6

*Chance v. Armstrong*,
   143 F.3d 698 (2d Cir. 1998) ..................................................................................................... 3

*Chen v. Dunkin' Brands, Inc.*,
   No. 17-cv-3808, 2018 WL 9346682 (E.D.N.Y. Sept. 17, 2018) ............................................... 9

*Colella v. Atkins Nutritionals, Inc.*,
   348 F. Supp. 3d 120 (E.D.N.Y. 2018) ...................................................................................... 7

*Cosgrove v. Oregon Chai, Inc.*,
   520 F. Supp. 3d 562 (S.D.N.Y. 2021) ...................................................................................... 5

*Dependable Sales & Serv., Inc. v. Truecar, Inc.*,
   No. 15-cv-1742, 2016 WL 79992 (S.D.N.Y. Jan. 6, 2016) ...................................................... 7

*Duran v. Henkel of Am., Inc.*,
   450 F. Supp. 3d 337 (S.D.N.Y. 2020) ...................................................................................... 5

*Fishon v. Peloton Interactive, Inc.*,
   No. 19-cv-11711, 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020) ............................................... 7

*Gavilanes v. Gerber Prods. Co.*,
   No. 20-cv-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) ............................................... 8

*Gear, Inc. v. LA Gear California, Inc.*,
   670 F. Supp. 508 (S.D.N.Y. 1987) ........................................................................................... 5

*Goldman v. Belden*,
    754 F.2d 1059 (2d Cir. 1985) .............................................................................................. 3

*Hishon v. King*,
    467 U.S. 69 (1984) .............................................................................................................. 2

*Housey v. Procter & Gamble Co.*,
    No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) .......................................... 10

*In re Digital Music Antitrust Litig.*,
    812 F. Supp. 2d 390 (S.D.N.Y. 2011) ................................................................................ 7

*Jessani v. Monini N. Am., Inc.*,
    744 F. App'x 18 (2d Cir. 2018) .......................................................................................... 5

*Jones v. Orgain, LLC*,
    No. 20-cv- 8463, 2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) .................................... 2, 4

*Lee v. Mondelez Int'l, Inc.*,
    No. 22-cv-1127, 2022 WL 16555586 (S.D.N.Y. Oct. 28, 2022) ........................................ 9

*Mahon v. Ticor Title Ins. Co.*,
    683 F.3d 59 (2d Cir. 2012) .................................................................................................. 7

Mantikas v. Kellogg Co.,
    910 F.3d 633 (2d Cir. 2018) ............................................................................................ 5, 6

*Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*,
    631 F.3d 57 (2d Cir. 2011) .............................................................................................. 2, 3

*Neri v. R.J. Reynolds Tobacco Co.*,
    No. 98-cv-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000) ........................................ 8

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d. Cir. 2015) .............................................................................................. 2

*Parks v. Ainsworth Pet Nutrition, LLC*,
    377 F. Supp. 3d 241 (S.D.N.Y. 2019) .............................................................................. 10

*Rivera v. Navient Solutions, LLC*,
    No. 20-cv-1284, 2020 WL 4895698 (S.D.N.Y. August 19, 2020) ..................................... 5

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) ................................................................................................ 3

*Rugg v. Johnson & Johnson*,
    No. 17-cv-05010, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ....................................... 6

*Tomasino v. Estee Lauder Cos. Inc.*,
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) .................................................................................. 8

*Vega v. Semple*,
   963 F.3d 259 (2d Cir. 2020) ................................................................................................. 7

*Wynn v. AC Rochester*,
   273 F.3d 153 (2d Cir. 2001) ................................................................................................. 9

*Wynn v. Topco Assocs., LLC*,
   No. 19-cv-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ............................................ 5

**Statutes**

15 U.S.C. § 2301(6)(A) ............................................................................................................... 9

N.Y. G. B. L. § 349 ..................................................................................................................... 1

N.Y. G. B. L. § 350 ..................................................................................................................... 1

N.Y. U.C.C. § 2-314(2)(a) .......................................................................................................... 8

N.Y. U.C.C. § 2-315 ................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................... 2

Fed. R. Civ. P. 8(d)(2) ............................................................................................................. 10

Fed. R. Civ. P. 9(b) .................................................................................................................... 9

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 3, 7

**Regulations**

16 C.F.R. § 700.3(a) ................................................................................................................... 9

## INTRODUCTION

Plaintiff Lindsey Finster ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant Sephora USA Inc.("Defendant") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 6.

Plaintiff brings claims for damages for violations of GBL §§ 349 and 350, Compl. ¶¶ 58-61, and the consumer protection laws of Alaska, Idaho, Iowa, North Carolina, North Dakota, Texas, Utah, West Virginia, and Wyoming, Compl. ¶¶ 62-64, breaches of warranty, Compl. ¶¶ 65-78, and common law claims, Compl. ¶¶ 79-81, on behalf of consumers who purchased Defendant's cosmetic products "under its 'Clean At Sephora' program" ("the Products"). Compl. ¶ 1. Plaintiff seeks monetary relief, expenses, and reasonable attorneys' fees. Compl. at 10, Prayer for Relief, ¶¶ 2-4.

Defendant argues that the claims should be dismissed because, among other reasons, the allegations are implausible. ECF No. 17-1, Memorandum of Law in Support of its Motion to Dismiss ("Def. Mem.") at 1. None of its arguments are a basis for dismissal and its Motion should be denied.

## FACTUAL BACKGROUND

Defendant sells cosmetics that it specifically evaluated as "provid[ing] '[t]he beauty you want, minus the ingredients you might not." Compl. ¶ 11. However, the Products contained "ingredients that are known or suspected to be potentially harmful to human health and/or the environment." Compl. ¶ 14. Consequently, they are sold "at a premium price," and had Plaintiff known the truth, she would not have "paid more" or "would not have purchased it." Compl. ¶ 49.

## LEGAL STANDARDS

To proceed beyond a motion made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 U.S. 69, 73 (1984).

## ARGUMENT

**I.   PLAUSIBLE TO EXPECT "CLEAN" MEANT FREE OF HARMFUL INGREDIENTS**

To successfully assert a claim under GBL §§ 349 and 350, Plaintiff "must allege that [D]efendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015).

A.   "Clean At Sephora" and Other Statements Misled Consumers

Defendant's contention that the Complaint's "allegation[s] about consumers' understanding of the word 'clean' is a mere conclusion without any facts to back it up" inverts the "notice pleading standard [under] Federal Rule[s] [8(a)]." Def. Mem at 12 citing *Jones v. Orgain, LLC*, No. 20-cv- 8463, 2021 WL 4392783, at *3 (S.D.N.Y. Sept. 24, 2021); *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 72 (2d Cir. 2011).

Moreover, "the notion that *Twombly* imposed a heightened standard that require[d] [Plaintiff] to include specific evidence [and] factual allegations," such as "cit[ations] [to] studies, surveys, or other evidence as proof that [her understanding] is [] widely held [] among consumers" "is belied by the *Twombly* opinion itself." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) ; citing *Twombly*, 550 U.S. at 555; Def. Mem. at 8.

2

Since "[the] [C]omplaint provide[d] fair notice of [her] claim[s]" by asserting Plaintiff and "[C]onsumers understand 'clean' consistent with its dictionary definitions, [] as [] free from impurities, [] unnecessary and harmful components, and pure," she "need not also allege specific facts establishing [her] 'prima facie case.'" *Matson*, 631 F.3d at 72 quoting *Arista Recs.*, 604 F.3d at 119-20; Compl. ¶ 2.

This "[C]ourt's function on a Rule 12(b)(6) motion is not to weigh the evidence" about whether information provided by small businesses "lack[s] reliability and authority," "but merely to determine whether the [C]omplaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) *compare with* Def. Mem. at 13.

In fact, "[t]he pleading of additional evidence, beyond what is required to enable [] [D]efendant to respond, is not only unnecessary but in contravention of proper pleading procedure." *Roth v. Jennings*, 489 F.3d 499, 512 (2d Cir. 2007).

What matters is whether Plaintiff's allegations that "a significant percentage of products with the 'Clean At Sephora' [mark] contain ingredients inconsistent with how consumers understand this term," when "viewed in a light most favorable to [her] and drawing all reasonable inferences in her favor – [is] sufficient to 'raise a right to relief above the speculative level.'" Def. Mem. at 8; *Matson*, 631 F.3d at 72 quoting *Twombly*, 550 U.S. 544 (reciting standard under Rule 12(b)(6)).

In considering Defendant's Rule 12(b)(6) Motion, "[t]he issue is not whether [] [P]laintiff is likely to prevail ultimately" and show that "a[ny] significant number of consumers" share her understanding of "clean," "but whether [she] is entitled to offer evidence to support the[s] claims." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); Def. Mem. at 13.

3

Plaintiff "plausibly [] alleg[ed] the [P]roduct['s] packaging made [] statement[s] or representation[s] that it contained no processed, synthetic, or artificial ingredients," by stating that it selected products that would not contain "parabens, sulfates SLS and SLES, phthalates, mineral oils, formaldehyde, *and more*." *Jones*, 2021 WL 4392783, at *3; Compl. ¶ 11 (emphasis added).

While Defendant argues its use of the phrase "Clean At Sephora" "along with a clarifying definition that describes the kinds of ingredients that are excluded," the "*and more*" furthers the impression that other "ingredients that are known or suspected to be potentially harmful to human health," such as synthetic substances, would be absent in its Product. Compl. ¶¶ 11, 14 (emphasis added).

Further, consumers understand "clean" to mean "something free from impurities, or unnecessary and harmful components, and pure," and in the cosmetics industry "clean" is described as "'clean beauty [products]' as having minimal to no synthetic ingredients." Compl. ¶¶ 2, 4.

However, the Products contained "ingredients inconsistent with how consumers understand this term," exemplified by "the Saie Mascara 101, [which] contain[ed] numerous synthetic ingredients, several of which have been reported to cause possible harms." Compl. ¶¶ 15-16.

Moreover, while "regulatory agencies have only banned nine ingredients," numerous synthetic substances still pose "possible harms." Compl. ¶ 8. For example, although "the Cosmetic Ingredient Review Expert Panel and the FDA consider cetyl alcohol safe for use in cosmetics, numerous dermatologists believe it can be irritating for those with sensitive skin by altering the lipid bilayer of the epidermis and cause allergic dermal reactions." Compl. ¶ 24.

For this and other reasons, confirmed by a "recent survey," "sixty-four percent of American consumers [] are willing to pay more" for "clean beauty products" consistent with the absence of synthetic components. Compl. ¶ 5.

While Defendant argues that Plaintiff fails to include a "survey or other data" establishing consumer confusion, dictionary and cosmetic industries' understanding of "clean" constitutes "[E]vidence of the public's understanding of [this] term." Def. Mem. at 13 citing *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018), *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 583 n.8 (S.D.N.Y. 2021) and *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021); *Gear, Inc. v. LA Gear California, Inc.*, 670 F. Supp. 508, 515 (S.D.N.Y. 1987); Compl. ¶¶ 2-4.

Whether a representation is likely to mislead a reasonable consumer "is generally a question of fact not suited for resolution at the motion to dismiss state." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 345 (S.D.N.Y. 2020) (listing cases in which motion to dismiss was denied); *see also Rivera v. Navient Sols., LLC*, No. 20-cv-1284, 2020 WL 4895698, at *7 (S.D.N.Y. August 19, 2020) ("a determination of whether a particular act or practice is misleading is not ordinarily appropriate for decision on a motion to dismiss") (listing cases in which motion to dismiss was denied).

B. <u>Prominent "Clean at Sephora" Statement Extinguished Need for Further Investigation</u>

Defendant's position that it provided "complete transparency" by putting the burden on Plaintiff to scrutinize the Product's ingredients is contrary to this Circuit's holding. Def. Mem. at 11 citing *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018).

In *Mantikas*, the Second Circuit reversed the district court's dismissal of claims which alleged deception based on the crackers containing more whole grains than they did and held that

5

"[a] reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Mantikas*, 910 F.3d at 637; s*ee also Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 381 (S.D.N.Y. 2021) (citing *Mantikas* and concluding accurate ingredient list insufficient to disclaim consumer expectation of whole grains and honey based on prominent front label claims). The same principle applies here.

The Products' front label statement, "Clean At Sephora" was a "representation[s] [][] about what is included in the [P]roduct[]" because it "assured that the [P]roduct [was] formulated" specifically to "avoid[] [] certain ingredients." Def. Mem. at 14; Compl. ¶¶ 14-15.

Defendant misunderstands Plaintiff's allegation as expecting that its Product "include[ed] only all-natural ingredients" but it was alleged that its "Clean At Sephora" led Plaintiff to expect its Product was "made without synthetic chemicals and ingredients that could harm the body, skin or environment," because Defendant stated that on its Products.  Def. Mem. at 11; Compl. ¶¶ 11-15.

Further, while in *Rugg* the court held that based on several definitions, it was implausible to believe that the product would not contain "known skin sensitizers," the Complaint provides definitions that define "clean" as "describing something free from impurities," and in the context of cosmetics, it means "products made without synthetic chemicals and ingredients that could harm the body, skin or environment." *Rugg v. Johnson & Johnson*, No. 17-cv-05010, 2018 WL 3023493, at *2 (N.D. Cal. June 18, 2018); Compl. ¶¶ 16-33.

To accept Defendant's own interpretation of the term "clean" to mean that it was only a description of "the kinds of ingredients that are excluded," is inconsistent with "accept[ing] the [C]omplaint's factual allegations as true" that this term "assured [consumers] that the product is

6

formulated without specific ingredients that are known or suspected to be potentially harmful." Def. Mem. at 12; *Vega v. Semple*, 963 F.3d 259, 272 (2d Cir. 2020); *Dependable Sales & Serv., Inc. v. Truecar, Inc.*, No. 15-cv-1742, 2016 WL 79992, at *5 (S.D.N.Y. Jan. 6, 2016) (declining dismissal because court "cannot resolve these competing definitions on a Rule 12(b)(6) motion"); Compl. ¶ 14.

In any event, "where a representation is capable of two possible reasonable interpretations," a court should not reject "the misleading one ... simply because there is an alternative non-misleading interpretation." *Fishon v. Peloton Interactive, Inc.*, No. 19-cv-11711, 2020 WL 6564755, at *7 (S.D.N.Y. Nov. 9, 2020).

## II. PLAINTIFF CAN PURSUE MULTI-STATE CLAIMS

Though Defendant contends that Plaintiff's "Consumer Fraud Multi-State Class" fail because they are "duplicative of her claims brought under GBL" "and therefore suffers from the same plausibility shortfalls as those claims," the converse is equally true "making it appropriate to defer consideration of standing until the class certification stage." Def. Mem. at 17; *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 406 (S.D.N.Y. 2011); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012) citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

## III. PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A. Notice was Provided Consistent with the Statute

Defendant argues that "there is no express warranty promising what Plaintiff claims," therefore, she "could not have reasonably relied on it, nor could [it] have breached it and injured Plaintiff as a result." Def. Mem. at 19 citing *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) and N.Y. U.C.C. § 2-607(3)(a). However, Defendant promised that "[c]onsumers who 'see [the] Clean seal, [] can be assured that the [P]product[s] [are]

7

formulated without specific ingredients that are known or suspected to be potentially harmful to human health and/or the environment." Compl. ¶ 14.

Additionally, Plaintiff complied with N.Y. U.C.C. § 2-607(3)(a) because she purchased the Products "between August and October 2022, and/or 2022" and "within a reasonable time thereafter" notified Defendant of the breach by filing this action on November 11, 2022. ECF No. 1; Compl. ¶ 46; *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014) (recognizing "that a plaintiff's pleadings may constitute reasonable notice"); N.Y. U.C.C. § 2-607(3)(a).

Additionally, "notice requirements for breaches of warranty have long been jettisoned in New York" for retail sales. *Gavilanes v. Gerber Prods. Co.*, No. 20-cv-05558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2021) citing *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000).

### B. Alternative Criteria for Implied Warranty Satisfied

Defendant incorrectly argues that the implied warranty claim should be dismissed because "there are no plausible allegations that "'Clean at Sephora'" [] fail to conform to the representations made on the label or fail to meet a minimum level of quality." Def. Mem at 20 citing *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014).

The Product could not "pass without objection in the trade" as cosmetic Products free of harmful ingredients because it contained "synthetic ingredients [] which have been reported to cause possible harms" and "inconsistent with how consumers understand [Clean]" to mean. N.Y. U.C.C. 2-314(2)(a); Compl. ¶¶ 15-16.

Further, the Product was not "fit for its particular purpose" as Products that were consistent with Defendant's "criteria, which [were] focused on transparency in formulation and sourcing and the avoidance of certain ingredients," such as "synthetic ingredient, polyglyceryl-10 myristate, [a]

8

type of polyglycerol ester of fatty acid (PGE), classified by one respected source as a toxin." N.Y. U.C.C. § 2-315; Compl. ¶¶ 15, 21.

      C.      Plausible Warranty Claims Support MMWA Claim

Contrary to Defendant's contention that Plaintiff's Magnuson Moss Warranty Act ("MMWA") claim fails because it dd "not promise the [P]product[s] [are] free of any defects, nor [did it] promise performance over time," "Clean At Sephora" was a "written affirmation" and a promise to be "defect free" as it represented "the product[s] [were] formulated without specific ingredients that are known or suspected to be potentially harmful." Def. Mem. at 21 citing *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 375 (S.D.N.Y. 2014) and 15 U.S.C. § 2301(6)(A); Compl. ¶ 14.

By representing the Product as "Clean," Plaintiff and consumers expected the Products to "comply with the criteria" of "avoid[ing] [] certain ingredients" during "a specified time period," satisfying the criteria for a writer warranty under the MMWA. *Chen v. Dunkin' Brands, Inc.*, No. 17-cv-3808, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018) quoting 16 C.F.R. § 700.3(a).

**IV.**    **COMMON LAW CLAIMS ARE ADEQUATELY PLED**

      A.      Rule 9(b) Supports Fraud Allegations

Even accepting that Plaintiff's fraud allegations lack "facts that 'give rise to a strong inference' that [Defendant] intended to defraud its customers," Fed. R. Civ. P. 9(b) permits scienter to "be alleged generally." Def. Mem. at 22 quoting *Lee v. Mondelez Int'l, Inc.*, No. 22-cv-1127, 2022 WL 16555586, at *14 (S.D.N.Y. Oct. 28, 2022).

Contrary to Defendant's contention, Plaintiff met Rule 9(b)'s heightened pleading requirement by providing the "who, what, where, when, and how," of "the first paragraph of any newspaper story." Def. Mem. at 22 citing *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001);

9

*Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022).

The "who" was "Sephora USA Inc." Compl. ¶ 44. The "what" was "Clean," "Clean At Sephora," "The beauty you want, minus the ingredients you might not," "[t]his seal means formulated without parabens, sulfates SLS and SLES, phthalates, mineral oils, formaldehyde, and more," "[c]lean at Sephora means all of our clean brands comply with the criteria, which are focused on transparency in formulation and sourcing and the avoidance of certain ingredients," and "[c]onsumers who 'see [the] Clean seal, [] can be assured that the product is formulated without specific ingredients that are known or suspected to be potentially harmful to human health and/or the environment.'" Compl. ¶¶ 1, 11, 13, 14. The "where" and "when" was at "Sephora, 9090 Destiny USA Dr, Syracuse, NY 13290, between August and October 2022, and/or 2022." Compl. ¶ 46. The "how" was "contain[ing] ingredients inconsistent with how consumers understand [clean]" to mean and contrary to ingredients that are "potentially harmful to human health and/or the environment." Compl. ¶¶ 14-15.

B.   Rule 8 Allows Unjust Enrichment in the Alternative

Even if Plaintiff's unjust enrichment may be "duplicative" of the GBL claims, Fed. R. Civ. P. 8(d)(2) permits her to "set out 2 or more statements of a claim or defense alternatively or hypothetically." Def. Mem. at 23 citing *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019); Compl. ¶ 81.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file an Amended Complaint.

Dated:   February 23, 2023

Respectfully submitted,

|  | Sheehan & Associates, P.C. |
|--|--|
|  | /s/Spencer Sheehan |

60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com

## Certificate of Service

I certify that on February 23, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan