## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LINDSEY FINSTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:22-cv-01187-GLS-ML |
| | ) | |
| vs. | ) | Honorable Gary L. Sharpe, |
| | ) | District Judge |
| SEPHORA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPLY IN SUPPORT OF MOTION TO DISMISS OF SEPHORA USA, INC.</u>

March 2, 2023

**LUPKIN PLLC**
Jonathan D. Lupkin
(NDNY Bar # 518754)
80 Broad Street, Ste 3103
New York, NY 10004
(646) 367-2771
jlupkin@lupkinpllc.com

**BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP**
Robert E. Shapiro (NDNY Bar # 704262)
Joshua W. Mahoney (*pro hac vice*)
John Andreasen (*pro hac vice*)
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
rob.shapiro@bfkn.com
joshua.mahoney@bfkn.com
john.andreasen@bfkn.com

*Attorneys for Defendant Sephora USA, Inc.*

**<u>TABLE OF CONTENTS</u>**                                        **Page**

PRELIMINARY STATEMENT ................................................................................ 1

  I.  PLAINTIFF'S CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350 ARE NOT PLAUSIBLE............................................................... 2

  II.  PLAINTIFF'S CLAIMS UNDER "CONSUMER FRAUD ACTS" OF OTHER STATES FAIL FOR THE AT LEAST THE SAME REASONS....................................... 5

  III.  PLAINTIFF'S WARRANTY CLAIMS AND MMWA CLAIM FAIL. ............................ 5

     A.  Plaintiff's Lawsuit Cannot Serve As Adequate Notice............................................ 5

     B.  Plaintiff's Other Arguments Fail Legally And Factually. ......................................... 6

  IV.  PLAINTIFF HAS NOT ADEQUATELY ALLEGED SCIENTER SUFFICIENT FOR A FRAUD CLAIM................................................................................................ 7

  V.  PLAINTIFF HAS NOT, AND CANNOT, PLEAD UNJUST ENRICHMENT IN THE ALTERNATIVE. ............................................................................................. 7

CONCLUSION.................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Recs., LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)...................................................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................2

*Brown v. Kellogg Sales Co.*,
    No. 1:20-CV-7283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022)...................................3

*Budhani v. Monster Energy Co.*,
    527 F. Supp. 3d 667 (S.D.N.Y. 2021).....................................................................................6

*Chen v. Dunkin' Brands, Inc.*,
    No. 17-CV-3808 (CBA) (RER), 2018 WL 9346682 (E.D.N.Y. Sept. 17,
    2018), aff'd, 954 F.3d 492 (2d Cir. 2020) .............................................................................7

*Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353 (2d Cir. 2013) .......................................................7

*Cosgrove v. Oregon Chai, Inc.*,
    520 F. Supp. 3d 562 (S.D.N.Y. 2021)...........................................................................3, 5, 6

*Ebner v. Fresh Inc.*, 838 F.3d 958 (9th Cir. 2016) ........................................................................2

*Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013)............................................................3

*Gordon v. Target Corp.*,
    No. 20-CV-9589 (KMK), 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022)..................................6

*Jessani v. Monini N. Am., Inc.*,
    744 F. App'x 18 (2d Cir. 2018) .........................................................................................2, 5

*Jones v. Orgain, LLC*, No. 20-CV-8463 (VB), 2021 WL 4392783
    (S.D.N.Y. Sept. 24, 2021) ......................................................................................................3

*Mantikas v. Kellogg*, 910 F.3d 633 (2d Cir. 2018) ........................................................................4

*Matson v. Bd. of Educ. of City Sch. Dist. of New York*,
    631 F.3d 57 (2d Cir. 2011).....................................................................................................2

*Nelson v. MillerCoors, LLC,*
　246 F. Supp. 3d 666 (E.D.N.Y. 2017) .......................................................................8

*Rivera v. S.C. Johnson & Son, Inc.,*
　No. 20-CV-3588 (RA), 2021 WL 4392300 (S.D.N.Y. Sept. 24, 2021) ...................................3

*Turk v. Rubbermaid Inc.,*
　No. 21-CV-270 (KMK), 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ....................................6

*Warren v. Whole Foods Mkt. Grp., Inc.,*
　574 F. Supp. 3d 102 (E.D.N.Y. 2021) .......................................................................6

*Wheeler v. Topps Co., Inc.,*
　No. 22 CIV. 2264 (LGS), 2023 WL 405015 (S.D.N.Y. Jan. 25, 2023) ..........................5, 6, 7

**Statutes**

Magnuson Moss Warranty Act ...................................................................................5, 7

New York General Business Law §§ 349 and 350 .....................................................2, 3, 5

N.Y. U.C.C. § 2-607(3)(a) .........................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8(a) .................................................................................................2

Rule 9(b) .................................................................................................................7

Rule 12(b)(6)............................................................................................................3

Sephora USA, Inc. ("Sephora") hereby submits its reply memorandum in support of its motion to dismiss the Complaint in its entirety, with prejudice (ECF Nos. 6 and 6–1, the "Motion").

## PRELIMINARY STATEMENT

Plaintiff has alleged no plausible basis to believe a significant portion of relevant, reasonable consumers were or could be misled about what "Clean at Sephora" means. Nor can she do so. The plain meaning of the phrase, the context, and Sephora's other acknowledged conduct all show that "Clean at Sephora" means and connotes only what it says, a program of products that *excludes* designated ingredients that might be harmful. Plaintiff's conclusions and conjectures are nothing but exactly that, seeking to conjure up from Sephora's representation about what is excluded supposed promises about what is *included*, an obvious and telling non-sequitur. Mere recitations of ingredients in lapidary detail, meanwhile, cannot turn "Clean at Sephora" products into something secretly harmful. The secret is, in fact, so far-fetched that only obscure internet sources contradicting the FDA and other reputable sources endorse it. As the case law shows, no part of this entire fanciful story meets the mandatory plausibility threshold, which dooms all of Plaintiff's claims and calls for dismissal of this case.

Plaintiff's opposition brief (ECF No. 15, the "Response") actually supports this conclusion, revealing as it does just how much the Court would have to ignore both controlling precedent and common sense to let Plaintiff's claims survive. The vast majority of her Response proposes watered-down pleading standards the Supreme Court and Second Circuit have long since rejected, along with gross mischaracterizations of what courts require for pleading claims like hers. The case law includes the many recent decisions dismissing similar claims filed by Plaintiff's own lawyer. Plaintiff makes no attempt to distinguish those cases, and there is no

reason for the Court to reach a different conclusion here. Plaintiff's claims should be dismissed with prejudice.

## I.   PLAINTIFF'S CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350 ARE NOT PLAUSIBLE.

Black-letter law holds that a plaintiff must allege sufficient *factual content* to make her claims "plausible" on their face. Every case with precedential authority repeats this principle, from *Twombly* and *Iqbal* to the *Arista* and *Matson* cases Plaintiff cites in her Response. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010); *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011). Plaintiff selectively quotes these cases to give the impression that Fed. R. Civ. P. 8(a) applies a lax standard of pleading allegations with no facts to back them up. The reverse is true, *e.g.*, *Arista*, 604 F.3d at 120–21, and, as Sephora demonstrated in its opening Memorandum, Plaintiff wholly fails to meet this standard. (*E.g.*, ECF 6-1 at 6–13.)

In the context of Plaintiff's claims under New York's General Business Law ("GBL"), Plaintiff must allege plausible facts to show that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (summary order; quoting *Ebner v. Fresh Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); extraneous punctuation omitted). Nothing in Plaintiff's Complaint does anything like that. She has presented no factual content that makes it plausible that a significant portion of relevant consumers would interpret the "Clean at Sephora" description as she claims, transforming a statement of what specific ingredients are *excluded* into a series of vague promises about the ingredients that are *included*.

Nor is it permissible to dodge the plausibility requirement by arguing, as Plaintiff does, that these are questions of fact that cannot be decided on a motion to dismiss.  The Second Circuit has held that *exactly* the opposite is the case.  As it has said, it is "well settled that a court may determine as a matter of law" whether a plaintiff has met GBL pleading requirements.  *Id.* (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  Plaintiff's counsel knows this all-too-well, as numerous of his other cases, many with allegations far more compelling than those here, have been resolved (and dismissed) as a matter of law on a Rule 12(b)(6) motion.  *See, e.g.*, *Jones v. Orgain, LLC*, No. 20 CV 8463 (VB), 2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021); *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562 (S.D.N.Y. 2021); *Rivera v. S.C. Johnson & Son, Inc.*, No. 20-CV-3588 (RA), 2021 WL 4392300 (S.D.N.Y. Sept. 24, 2021); *Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022).  Plaintiff makes no attempt to distinguish those cases from this one, or to show how this case is in any way similar to those more detailed complaints allowed to stand.  This Complaint cannot stand.

Indeed, Plaintiff's only substantive point is that the "Clean at Sephora" description states that participating products exclude not just "parabens, sulfates SLS and SLES, phthalates, mineral oils, formaldehyde," but also "more."  The latter, she says, "furthers the impression" that synthetic substances are excluded.  (Response at 4.)  Plaintiff assumes her own conclusion.  Where does that "impression" originate, except in Plaintiff's own mind?  Who shares that impression?  How does "more" "further" it?  No factual content among Plaintiff's allegations supports any of Plaintiff's innuendo or musings or shows that it is plausible that any consumers other than herself have any such impression or interpret "more" or the "Clean at Sephora"

description as she does.  Sephora's list is not linked to synthetic ingredients, only potentially harmful ones.

"Clean" no more means "non-synthetic" than it means "natural."  Not all synthetic ingredients are unsafe.  Plaintiff's own allegations show that authoritative sources have found exactly the opposite to be true.  (*See* Compl. ¶¶ 24, 29.)  Conversely, common sense tells consumers that many possible "natural" ingredients would be unsafe.  The entire argument about made-up "impressions" and "synthetics" and "more" is a conclusion in search of facts to support it, rather than, as a proper pleading requires, specific facts leading to a plausible allegation.

Plaintiff's reference to an alleged dictionary definition of "clean" also does not help her claims survive.  (*Cf.* Response at 4, citing Compl. ¶¶ 2, 4.)  First, nowhere do her dictionaries support her definition of "clean."  Moreover, Sephora markets something it calls "Clean *at Sephora*" with multiple descriptions of what that phrase means.  (Compl. ¶¶ 11–14.)

Plaintiff's argument that Sephora forces consumers to scrutinize product ingredient lists does not hold up either.  Because "Clean at Sephora" speaks only to what specific ingredients are excluded, a consumer need not check the ingredient list at all, unless to check that the "Clean at Sephora" representations are true, which they are.  This complies with *Mantikas v. Kellogg*, which prohibited only the use of ingredient lists on the side of packaging to necessarily clarify otherwise misleading representations on the front.  910 F.3d 633, 636–37 (2d Cir. 2018).  Nothing about Sephora's program is misleading, and nothing needs to be done by the consumers to make it otherwise.

Finally, Plaintiff's Response contains no defense of the sources her Complaint cites to prove that Sephora's included ingredients are harmful or not "clean," as Sephora uses that phrase.  Those alleged sources remain unreliable and implausible for all the reasons set forth in

Sephora's Motion.  Moreover, that Plaintiff has been able to cite only those indefensible, obscure sources in support of her claims makes it even less plausible that a "significant portion" of the general public or targeted consumers share those views.  *See Jessani*, 744 F. App'x at 19. Plaintiff's GBL claims fail.

## II.     PLAINTIFF'S CLAIMS UNDER "CONSUMER FRAUD ACTS" OF OTHER STATES FAIL FOR THE AT LEAST THE SAME REASONS.

Plaintiff's Response seems to be saying that because she has adequately pled her GBL claims, any question of her standing to pursue consumer fraud acts under other states' laws on behalf of the purported class should wait for the class certification stage.  This argument fails because she has not adequately pled her GBL claims, and any similar claims under other states' laws would be just as implausible.

## III.    PLAINTIFF'S WARRANTY CLAIMS AND MMWA CLAIM FAIL.

### A.     Plaintiff's Lawsuit Cannot Serve As Adequate Notice.

Plaintiff's failure to provide adequate pre-suit notice dooms her express warranty claim, her implied warranty claim, and her Magnuson Moss Warranty Act claim.  *E.g.*, *Wheeler v. Topps Co., Inc.*, No. 22 CIV. 2264 (LGS), 2023 WL 405015, at *5 (S.D.N.Y. Jan. 25, 2023) (all warranty claims require pre-suit notice; collecting cases holding that Magnuson Moss Warranty Act claims cannot survive without viable state law warranty claims); *see also* N.Y. U.C.C. § 2-607(3)(a).  Plaintiff does not claim to have provided the required pre-suit notice, only that she has nevertheless satisfied the notice requirement by filing her Complaint.  (Response at 8.)  If Plaintiff were correct that filing a complaint sufficed, the notice requirement would be a nullity.

She is wrong, and her lawyer knows it, for he has tried an identical argument in recent cases and courts have repeatedly rejected it.  *Cosgrove*, 520 F. Supp. 3d at 585 (dismissing express warranty claim where plaintiff argued that filing complaint was sufficient notice);

*Wheeler*, 2023 WL 405015 at \*4–5 (same); *Turk v. Rubbermaid Inc.*, No. 21-CV-270 (KMK),

2022 WL 836894, at \*10 (S.D.N.Y. Mar. 21, 2022) (same); *Gordon v. Target Corp.*, No. 20-CV-

9589 (KMK), 2022 WL 836773, at \*14 (S.D.N.Y. Mar. 18, 2022) (same).  As those cases

explain, the "clear majority" of cases reject the argument that filing a lawsuit satisfies the notice

requirement, and if any exception exists, it applies only in contexts not applicable here.  *E.g.*,

*Wheeler*, 2023 WL 405015 at \*4.

      Nor is there any applicable exception to the notice requirement for retail sales, as Plaintiff

claims.  That exception applies only in cases involving allegations of physical harm in addition

to economic loss, *id.* at \*5, which Plaintiff does not allege here.  Once again, numerous other

cases filed by Plaintiff's lawyer have been dismissed under this rule.  *E.g.*, *Warren v. Whole*

*Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 118–19 (E.D.N.Y. 2021); *Budhani v. Monster*

*Energy Co.*, 527 F. Supp. 3d 667, 685 (S.D.N.Y. 2021).

### B.    Plaintiff's Other Arguments Fail Legally And Factually.

      Plaintiff's express warranty claim also fails because Plaintiff has not plausibly alleged

that the products failed to comport with Sephora's "Clean at Sephora" representations.  *See*

*Cosgrove*, 520 F. Supp. 3d at 585 ("Plaintiffs have failed to allege that the [] products do not

comport with the statements on their packaging, and thus have failed to allege a breach of any

warranty.").  Plaintiff does not allege that any "Clean at Sephora" products contained ingredients

Sephora represented would be excluded.  "Clean at Sephora" products offer consumers exactly

what Sephora represents.[1]

---

[1] It is difficult to understand Plaintiff's attempts to save her implied warranty claim.  She seems
to be arguing that implied warranties were breached because the products contained dangerous
synthetic ingredients.  But, as discussed above and in Sephora's Motion, the products were
never represented to be all-natural and there is no plausible evidence they contained anything
dangerous.

*Chen v. Dunkin' Brands, Inc*. does not support her argument that "Clean at Sephora" qualifies as a written warranty sufficient to fall within the Magnuson Moss Warranty Act.  (*See* Response at 9.)  The court in *Chen* dismissed the plaintiff's Magnuson Moss Warranty Act claim because the term "Angus beef" did not include a specified time period.  As a result, it was "at most a product description, not a written warranty under the Magnuson-Moss Act."  *Chen v. Dunkin' Brands, Inc.*, No. 17-CV-3808 (CBA) (RER), 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018), aff'd, 954 F.3d 492 (2d Cir. 2020) (citations and extraneous punctuation omitted). The same conclusion applies here to "Clean at Sephora," which states nothing about a specified time period.

## IV.   PLAINTIFF HAS NOT ADEQUATELY ALLEGED SCIENTER SUFFICIENT FOR A FRAUD CLAIM.

Plaintiff's fraud claim fails for the host of reasons set forth in Sephora's Motion, including the absence of any plausible misrepresentation and failure to plead scienter with particularly, as Rule 9(b) requires.  In her Response, Plaintiff notes only that scienter can be alleged generally.  (Response at 9.)  That statement, while true, not only fails to remedy Plaintiff's other pleading deficiencies but also ignores the important caveat, applicable here, that "a plaintiff still must plead those events which give rise to a strong inference that the defendant had an intent to defraud and knowledge of the falsity."  *Wheeler*, 2023 WL 405015 at *6 (quoting in part *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013)) (extraneous punctuation omitted).  Plaintiff has not pled any such events, or any viable fraud claim, here.

## V.   PLAINTIFF HAS NOT, AND CANNOT, PLEAD UNJUST ENRICHMENT IN THE ALTERNATIVE.

Plaintiff attempts to save her unjust enrichment claim by arguing that she can plead such a claim in the alternative.  (Response at 10.)  But she did not do that here.  And it would not matter in any event because her unjust enrichment claim is duplicative of her other claims, so

even pleading in the alternative cannot save it from dismissal.  *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) ("even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action").

## CONCLUSION

Plaintiff's Response confirms she cannot muster any allegations or case law suggesting her claims are viable.  For all the reasons set forth above and in Sephora's Motion, Sephora respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and grant such other relief as is just and appropriate.


Dated:  March 2, 2023                    Respectfully submitted,

                                         /s/ Robert E. Shapiro

                                         Jonathan D. Lupkin (NDNY Bar # 518754)
                                         LUPKIN PLLC
                                         80 Broad Street, Ste 3103
                                         New York, NY 10004
                                         (646) 367-2771
                                         jlupkin@lupkinpllc.com

                                         Robert E. Shapiro (NDNY Bar # 704262)
                                         Joshua W. Mahoney (*pro hac vice*)
                                         John Andreasen (*pro hac vice*)
                                         BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
                                         200 W. Madison Street, Suite 3900
                                         Chicago, Illinois 60606
                                         (312) 984-3100
                                         rob.shapiro@bfkn.com
                                         joshua.mahoney@bfkn.com
                                         john.andreasen@bfkn.com

                                         *Attorneys for Defendant Sephora USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua W. Mahoney, an attorney admitted *pro hac vice* to practice before this Court, hereby certifies that on March 2, 2023, I caused the foregoing Reply in Support of Motion to Dismiss of Sephora USA, Inc. to be served on all counsel of record in this case by filing the document via ECF on the electronic docket of this case.


Dated: March 2, 2023                                          /s/Joshua W. Mahoney
                                                                       Joshua W. Mahoney