UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDSAY FINSTER, individually and
on behalf of all others similarly situated,

    Plaintiff,

   -v-        6:22-CV-1187

SEPHORA USA INC.,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SHEEHAN & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>60 Cuttermill Road, Suite 412<br>Great Neck, NY 11021 | SPENCER SHEEHAN, ESQ. |
| LUPKIN PLLC<br>Attorneys for Defendant<br>80 Broad Street, Suite 3103<br>New York, NY 10004 | JONATHAN D. LUPKIN, ESQ. |
| BARACK FERRAZZANO<br> KIRSCHBAUM & NAGELBERG<br>Attorneys for Defendant<br>200 West Madison Street, Suite 3900<br>Chicago, IL 60606 | ROBERT E. SHAPIRO, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

**I. INTRODUCTION**

On November 11, 2022, Lindsay Finster ("Finster" or "plaintiff") filed this putative class-action against defendant Sephora USA Inc. ("Sephora" or "defendant") under the federal diversity statute and Class Action Fairness Act.[1]  Dkt. No. 1.

On February 2, 2023, Sephora moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Finster's complaint.  Dkt. No. 6.  The motion has been fully briefed and will be considered without oral argument.  Dkt. Nos. 15, 18.

## II. BACKGROUND

Between August and October 2022, Finster purchased cosmetics labeled "Clean at Sephora" from her local Sephora store located at 9090 Destiny USA Drive, Syracuse, New York 13290.  Compl., Dkt. 1 at ¶ 46.[2]  Cosmetics that are part of the "Clean at Sephora" program are manufactured, labeled, marketed, certified and/or sold as "clean" cosmetics to customers.  *Id.* ¶ 1.

According to Sephora, "Clean at Sephora means all of our clean brands comply with the criteria, which are focused on transparency in formulation and sourcing and the avoidance of certain ingredients."  Compl. ¶ 13.

---

[1] Finster is a citizen of the State of New York.  Dkt. No. 1.  Sephora is incorporated in the state of Michigan and maintains its principal place of business in San Francisco, California.  *Id.*  Finster seeks to certify two classes: (1) a New York Class comprised of Sephora customers in the State of New York who purchased the Products; and (2) a multi-state class comprised of all Sephora customers in the states of Texas, North Dakota, Wyoming, Idaho, Alaska, Iowa, West Virginia, North Carolina, and Utah who purchased the Products.  *Id.*

[2] Pagination corresponds to CM/ECF.

Defendant describes these cosmetics as: "formulated without parabens, sulfates SLS and SLES, phthalates, mineral oil, formaldehyde, and more." *Id.* ¶ 11. Customers can easily identify "Clean at Sephora" cosmetics in Sephora stores by looking for the "Clean at Sephora" seal:



*Id.* ¶ 12.

Finster claims that she read and relied on the "Clean at Sephora" seal to believe that cosmetics bearing the seal did not contain any ingredients that were synthetic nor "connected to causing physical harm or irritation." Compl. ¶ 47. Plaintiff purchased cosmetics labeled "Clean at Sephora" at a premium price over other products not bearing the seal. *Id.* ¶ 48–49.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV. DISCUSSION

Finster's complaint alleges claims for: (1) violations of the New York General Business Law ("GBL") §§ 349 and 350; (2) violation of various state consumer fraud acts; (3) breach of warranty; (6) fraud; and (7) unjust enrichment. Sephora seeks dismissal of plaintiff's claims because it argues that it has not marketed, labeled, or sold its "Clean at Sephora" cosmetics under the guise that they are all-natural or free of any harmful ingredients. Def.'s Mem. at 1.

### A. Consumer Protection Claims

#### 1. GBL §§ 349 and 350

First, Finster brings claims under GBL §§ 349 and 350. Plaintiff alleges that Sephora made materially false, misleading, and deceptive representations and omissions when it claimed its "Clean at Sephora" cosmetics were "clean," but contained synthetic and harmful ingredients.

Compl. ¶¶ 59–60.  Sephora argues that it is entitled to dismissal of these claims because plaintiff has not plausibly alleged that it misled reasonable consumers to believe that "Clean at Sephora" products are all-natural or free of any potentially harmful ingredients.  Def.'s Mem., Dkt. No. 6-1 at 12, 15.

GBL §§ 349 and 350 permit plaintiffs who purchase goods in the State of New York to sue a seller for its deceptive acts or practices and false advertising in the "conduct of any business, trade or commerce, or in the furnishing of any service."  N.Y. GEN. BUS. LAW §§ 349, 350.  Claims brought under either section of the GBL are analyzed together under the same legal standard.  *Feldman v. Wakefern Food Corp.*, 2024 WL 495105, at *2 (S.D.N.Y. Feb. 8, 2024) (collecting cases).  "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'"  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.3d 675 (N.Y. 2012).

To determine whether conduct is materially misleading, courts impose an objective, "reasonable consumer" standard.  *Oswego Lab.'s Loc. 215 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741 (N.Y. 1995).  That is, the conduct must be likely to mislead "a reasonable consumer acting reasonable under the circumstances."  *Id.*

Finster's allegations fall short of the objective standard imposed on GBL §§ 349 and 350 claims. Plaintiff's complaint leaves the Court guessing as to how a reasonable consumer could mistake the "Clean at Sephora" labeling and/or marketing to reasonably believe that the cosmetics contain no synthetic or harmful ingredients whatsoever. Plaintiff cites to advertising from defendant which states: "consumers who see the Clean seal can be assured that the product is formulated without *specific* ingredients that are known or suspected to be potentially harmful to human health and/or the environment." Compl. ¶ 14. Yet, nowhere on the label or in the marketing materials plaintiff cites does defendant make any claim that the products are free of all synthetic or harmful ingredients. *Id.*

Finster goes on to cite a laundry list of synthetic ingredients found in "Clean at Sephora" cosmetics that she claims have been known to cause irritation or other human harm. *Id.* ¶¶ 16–34. But again, plaintiff does not allege that these are the same ingredients that Sephora claims are not found in its "Clean at Sephora" cosmetics.

Making all reasonable inferences in Finster's favor she has not plausibly alleged that Sephora materially mislead consumers when it marketed and sold its "Clean at Sephora" products. Accordingly, plaintiff's GBL claims will be dismissed.

**2. Multi-State Consumer Fraud Laws**

Finster also alleges that Sephora violated various state consumer protection laws when it marketed and sold its "Clean at Sephora" cosmetics. Compl. ¶ 62–64. According to plaintiff, "[t]he Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by plaintiff[.]" *Id.* ¶ 62. This manner of pleading has become a common practice for plaintiff's counsel. It has not become effective.

As observed in *Brownell v. Starbucks Coffee Co.*, --- F. Supp. 3d ----, 2023 WL 448994, at *6 (N.D.N.Y. July 12, 2023) (Scullin, J.) and *Smith v. Adidas*, --- F. Supp. 3d ----, 2023 WL 5672576, at *7 (N.D.N.Y. Sept. 1, 2023) (Sannes, J.) this method of pleading is insufficient to defeat a motion to dismiss. Finster's failure to so much as name the statutes she alleges Sephora has violated fails to provide defendant with the notice required to adequately defend itself. Accordingly, plaintiff's amorphous "multi-state" consumer fraud act claims will be dismissed.

### B. Warranty Claims

Next, Finster brings various state and federal warranty claims arising under the New York Uniform Commercial Code ("UCC") and Magnuson Moss Warranty Act ("MMWA"). Compl. ¶¶ 65–78. Sephora argues that it is entitled to dismissal of plaintiff's warranty claims because it did not provide

the warranties plaintiff alleges nor did plaintiff provide adequate pre-suit notice of its alleged breach. Def.'s Mem. at 20.

Under New York law, "[b]reach of warranty claims protect consumers who rely on either an explicit or implicit fact or promise that the seller knew the consumer had in mind and relied on when purchasing." *Fish v. Tom's of Maine, Inc.*, --- F. Supp. 3d ----, 2023 WL 8530341, at *5 (N.D.N.Y. Dec. 8, 2023) (quoting *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 100 (2d Cir. 2023)). A prerequisite for a breach of warranty claim—whether express or implied—is adequate pre-suit notice.[3] *MacNaughton*, 67 F.4th at 101 (citation omitted).

Finster alleges that she "provided or *provides* notice" to Sephora of their alleged breach. Compl. ¶ 74. But these kinds of conclusory statements fail to plead the facts necessary to establish that notice was in fact given. *See Brockington*, --- F. Supp. 3d ----, 2023 WL 6317992, at *13 (citation omitted). Plaintiff's allegation that defendant was on notice of the alleged defects in its products due to complaints from other third-parties or regulators similarly fails. The requirement imposed by the UCC clearly states that it is the *buyer* who must apprise the seller of the defect, not a third party. *Barton v. Pret A*

---

[3] Claims that are grounded in tort are exempt from the pre-suit notice requirement. *See Lugones v. Pete & Gerry's Organic LLC*, 440 F. Supp. 3d 226, 245 (S.D.N.Y. 2020). Here, plaintiff does not allege that she suffered any kind of physical injury after using the allegedly defective cosmetics. Accordingly, the notice exception does not apply to plaintiff's warranty claims.

*Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 245 (S.D.N.Y. 2021) (collecting cases).

Finster's complaint itself cannot be said to have achieved pre-suit notice either. New York Courts have not clarified whether a complaint alone is adequate pre-suit notice.[4] In *Panda Capital. Corp. v. Kopo International, Inc.*, the Second Department suggested that filing a complaint may have provided defendant with adequate notice. 662 N.Y.S.2d 584, 586 (N.Y. App. Div. 1997). However, the *Panda* court also noted that plaintiff made earlier complaints to the defendant *prior* accepting the goods. *Panda* is inapposite here where plaintiff has not alleged that she made any kind of objection to Sephora prior to her purchase.

Even if Finster's complaint constituted pre-suit notice, her warranty claims would still fail. As discussed, *supra*, Finster cannot point to an express or implicit fact or promise by Sephora that its "Clean at Sephora" cosmetics were free of all synthetic or harmful ingredients. Accordingly, plaintiff's implied and express warranty claims under the UCC fail.

Finster's MMWA claims fare no better. The MMWA provides plaintiffs with a federal cause of action when they have also "adequately [pled] a cause of action for breach of written or implied warranty under state law." *Garcia*

---

[4] Most federal courts that have decided the issue have held that it is not. *Brockington v. Dollar General Corp.*, --- F. Supp. 3d ----, 2023 WL 6317992, at *13 (S.D.N.Y. Sept. 28, 2023) (collecting cases).

*v. Chrysler Grp., LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015)).  Therefore, because plaintiff's state-law warranty claims fail, so does her MMWA claim.  Accordingly, plaintiff's warranty claims will be dismissed.

**C.  Fraud**

Next, Finster alleges that Sephora defrauded her and the putative class members when it sold its "Clean at Sephora" cosmetics.  Compl. ¶ 79–80.  Defendant argues that it is entitled to dismissal of this claim because plaintiff has not plead her fraud claim with the requisite particularity.  Def.'s Mem. at 23.

"To maintain a fraud claim in New York, a plaintiff must allege that: (1) the defendant made a material[,] false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the misrepresentation, and (4) the plaintiff suffered damages as a result of such reliance." *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 135 (N.D.N.Y. 2022) (citation omitted).  "Additionally, allegations of fraud must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a party alleging fraud to 'state with particularity the circumstances constituting fraud[.]'" *Lumbra v. Suja Life, LLC*, --- F. Supp. 3d ----, 2023 WL 3687425, at *8 (quoting FED. R. CIV. P. 9(b)).  To meet the particularity requirements imposed by Rule 9(b) the plaintiff must a plaintiff must identify "the who, what, when, where, and

how: the first paragraph of any newspaper story." *Feldman*, --- F. Supp. 3d ----, 2024 WL 495105, at *7 (citation omitted).

First, Finster has not identified a material, false statement. As discussed, *supra*, Sephora's marketing materials and labeling do not claim that their cosmetics are free of *all* synthetic or harmful ingredients. Rather, the statements plaintiff cites clearly states that the "Clean at Sephora" products do not contain a narrow list of ingredients. Compl. ¶¶ 11, 13–14.

Second, Finster fails to allege intent. Plaintiff merely alleges that Sephora had "constructive knowledge of this falsity and deception[.]" Compl. ¶ 80. But knowledge is not intent. *Davis v. Hain Celestial Grp., Inc*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) (quotation omitted) ("The simple knowledge that a statement is false is not sufficient to establish fraudulent intent, nor is a defendants' "generalized motive to satisfy consumers' desires [or] increase sales and profits.").

Therefore, Finster has not plausibly alleged that Sephora made material, false statements or intended to defraud consumers. Accordingly, plaintiff's fraud claim will be dismissed.

### D. Unjust Enrichment

Finally, Finster alleges that Sephora was unjustly enriched when it sold its "Clean at Sephora" products that were not as "represented or expected."

Compl. ¶ 81.  Defendant argues that this claim is duplicative of plaintiff's other claims and must be dismissed.  Def.'s Mem. at 23.

Unjust enrichment claims seek redress for the benefits that a defendant obtains that "in 'equity and good conscience' should be paid to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (2012) (collecting cases). "Under New York law, a plaintiff may prevail on a claim for unjust enrichment by demonstrating '(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Brockington*, --- F. Supp. 3d ----, 2023 WL 6317992, at *17 (quoting *Nordwind v. Rowland*, 584 F.3d 420, 434 (2d Cir. 2009)).  An unjust enrichment claim is not, however, a "catch all" that may be used to replead or duplicate an otherwise defective contract or tort claims.  *Corsello*, 967 N.E.2d at 1185 (citations omitted) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.").

Finster's unjust enrichment claim restates her earlier, defective claims. She alleges that Sephora gained a monetary benefit to the detriment of consumers when it sold "Clean at Sephora" products that "were not as represented or expected."  Compl. ¶ 81.  As discussed, plaintiff has not plausibly alleged that defendant made the representations she claims it did.

Therefore, Finster's unjust enrichment claim merely attempts to rehash her other, ineffective theories of recovery. Accordingly, plaintiff's unjust enrichment will be dismissed.

### E. Leave to Amend

Finally, Finster requests leave to amend should the Court determine that her claims do not survive this motion to dismiss. Pl.'s Opp'n at 15. Plaintiff makes this request in the concluding sentence of her opposition papers. *Id.*

Local Rule 15.1(a) requires a party seeking leave to amend to submit a copy of the proposed pleading "such that the court may consider the proposed amended pleading as the operative pleading." N.D.N.Y.R. 15.1(a). Compliance with Local Rule 15.1(a) seeks to streamline the parties' motion practice and to economize the Court's busy civil docket.

Finster filed her opposition papers on February 23, 2023, twenty-one days after service of Sephora's motion to dismiss. So while plaintiff has not complied with the Local Rules regarding amended pleadings, she is entitled to an amendment as of right. Accordingly, plaintiff will be permitted to amend her complaint.

### V. CONCLUSION

In sum, Finster fails to plausibly allege any of the claims contained in her complaint. Plaintiff has not plausibly alleged that Sephora misled reasonable consumers when it marketed and sold its "Clean at Sephora" cosmetics.

Plaintiff has also failed to plead her warranty claims.  Plaintiff has not plausibly alleged that she provided defendant with adequate pre-suit notice or that defendant made any explicit or implied promises that its "Clean at Sephora" cosmetics were all-natural and free of any potentially harmful ingredients.  Plaintiff's allegations also lack the particularity required to bring a fraud claim.  These otherwise defective claims may not be revived though an unjust enrichment claim.  Plaintiff will be given leave to amend her complaint.

Therefore, it is

ORDERED that

1.  Defendant's motion to dismiss is GRANTED;

2.  Plaintiff's complaint is DISMISSED with leave to amend;

3.  Any amended complaint must be filed and served on or before March 29, 2024; and

4.  If plaintiff does not timely file an amended pleading the Clerk of the Court is directed to enter a judgment dismissing this action without further Order of the Court.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  March 15, 2024
        Utica, New York.